IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:08-CR-70-3BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| DAVID STEWART | ) | |

This matter is before the Court on defendant's motion to provide new judgment and commitment and case number. The government has responded, seeking to dismiss defendant's motion. For the reasons discussed below, defendant's motion is dismissed.

## BACKGROUND

On August 3, 2011, defendant pleaded guilty pursuant to a plea agreement to one count of conspiracy to commit offenses against the United States and others in violation of 18 U.S.C. § 371 (count one) and one count of mail fraud and aiding and abetting in that in violation of 18 U.S.C. §§ 1341 and 2 (count 10); several other related counts were dismissed at the time of the imposition of sentence pursuant to the plea agreement. At sentencing, the Court imposed a sentence of sixty months' imprisonment on count one and seventy-eight months' imprisonment on count ten [DE 71]. The sentence on count ten was ordered to run concurrently with the sentence on count one.

## DISCUSSION

Defendant in his motion states that he received a "sentence monitoring computation data" sheet from the Bureau of Prisons (BOP) reflecting that he had been sentenced to a total of seventy months imprisonment [DE 81-1]. A few months later, defendant appears to have

received another "sentencing monitoring computation data" sheet reflecting that he had been sentenced to a total term of seventy-eight months' imprisonment [DE 81-2]. Defendant states that he is "completely befuddled" as to his sentence and requests an updated judgment or an explanation as to whether he was resentenced in absentia.

No amended judgment having been entered in this matter, defendant's sentence remains as imposed at defendant's sentencing hearing on March 15, 2012, wherein defendant was sentenced to sixty months' imprisonment on count one and seventy-eight months' imprisonment on count ten, to be served concurrently. Insofar as defendant's motion might be a challenge to the computation and execution of his sentence, rather than to the sentence itself, "[j]udicial review must be sought under 28 U.S.C. § 2241 in the district of confinement rather that in the sentencing court." *United States v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989). As defendant's motion reflects that he is being housed in McRae, Georgia, this Court is without jurisdiction to consider such a challenge.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss [DE 84] is GRANTED and defendant's motion [DE 81] is DISMISSED.

SO ORDERED, this /2 day of December, 2012.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE